UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO

| | |
|---|---|
| TOM RETZLAFF<br>　　Plaintiff,<br><br>v.<br><br>LYNDA YVONNE DE LA VINA,<br>DIANE BAKER WALZ, KYLE<br>MERLETTE SNYDER, KATHERINE ANNE<br>POPE,<br>　　Defendants. | §<br>§<br>§<br>§<br>§　NO: 5:08-CV-00170-OLG<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANTS' MOTION TO COMPEL DEPOSITION**

TO THE HONORABLE U.S. DISTRICT JUDGE ORLANDO L. GARCIA:

Defendants Lynda de la Vina, Diane Walz, Kyle Snyder, and Katherine Pope (the "Defendants"), named in their personal capacities by Plaintiff Tom Retzlaff, move to compel Retzlaff's deposition to occur in an available conference or other room of the federal court in San Antonio on or about July 25, 2008.

Defendants have repeatedly attempted to confer with Plaintiff's counsel to set the deposition, but have failed in their attempts. Retzlaff presents no reason to refuse to promptly cooperate, especially under the broader facts of his prolific pro se litigation activity and noteworthy criminal history: Retzlaff's counsel merely explains that he is "in the process of negotiating a withdraw[al]" from the case and "at that point you can schedule the setting directly with Mr. Retzlaff." Yet elsewhere, Retzlaff's counsel asserts his authority as counsel to instruct UTSA police not to communicate with his client. Accordingly, Defendants ask the Court

to order Retzlaff to appear for deposition, and respectfully also show the following information in support of their request.

## PROCEDURAL BACKGROUND AND CONTEXTUAL FACTS

1. Plaintiff Retzlaff is a former graduate student at the University of Texas at San Antonio (the "UTSA"), subjected to disciplinary expulsion in May 2008. He is a prolific pro se litigator who courts have restricted. Most recently, for example, Retzlaff has filed five lawsuits against the UTSA and its officials including Defendants beginning in November 2007. His pro se advocacy has caused seven court hearings in 2008 associated with these cases. They include appearances on:

- January 11, 2008. *Retzlaff v. Zhu Lan, et al.*, No. 334173 (Co. Ct. At Law No. 5, Bexar County, Tex.). Appearance on Retzlaff's motion for sanctions and to compel discovery from UTSA. Order issued by Judge Crouch presiding in Bexar County Court at Law denying Retzlaff's requests and abating this litigation.

- March 20, 2008. *Retzlaff v. UTSA*, No. 2008 CI 03808 (45th Dist. Ct., Bexar County, Tex.). Hearing in Bexar County District Court where Retzlaff sought temporary injunction to stop an administrative disciplinary process. Upon appearances and argument, Retzlaff non-suited the case.

- April 17, 2008. *Retzlaff v. Romo,* No. 338313 (Co. Ct. At Law No. 3, Bexar County, Tex.). Retzlaff sought a TRO, which Judge Rios denied.

- May 1, 2008. *Retzlaff v. Romo*, No. 338313 (Co. Ct. At Law No. 3, Bexar County, Tex.). Retzlaff's sought a TI, which Judge Rios denied.

- May 2, 2008. *Retzlaff v. Xu*, No. 336876 (Co. Ct. At Law No. 7, Bexar County, Tex.). Defendant Xu opposed Plaintiff's motion to force attorney general's office to show authority for its representation of UTSA employee Xu. Bexar County Court at Law Judge Irene Rios presided and allowed Plaintiff to withdraw his motion, which he promptly then re-filed and noticed for another hearing.

- May 9, 2008. *Retzlaff v. Xu*, No. 336876 (Co. Ct. At Law No. 7, Bexar County, Tex.). Defendant Xu opposed Plaintiff's motion (re-noticed on 5/2 for hearing on 5/9) to force the attorney general's office to show authority for its representation of Xu. Judge Rios denied Retzlaff's motion.

- May 16, 2008. *Retzlaff v. Zhu Lan, et al.*, No. 334173 (Co. Ct. At Law No. 5, Bexar County, Tex.). UTSA opposed Plaintiff's motion to compel the production of Zhu Lan's student records. Bexar County Court at Law Judge H. Paul Canales denied Plaintiff's motion with warning to Plaintiff not to engage in further frivolous litigation or motion practices.[1]

2. Retzlaff's claims extend to other state and private actors in Texas, including a 2008 lawsuit filed styled *Retzlaff v. GoAmerica Communications Corp., et al*, No. 33842 (Co. Ct. At Law No. 3, Bexar County, Tex.). Here, upon a showing of Retzlaff's abusive practices and his e-mail statements to the defendant's counsel, the Bexar County Court at Law issued a temporary order designating Retzlaff vexatious and cloaking the defendant and its counsel with protection from Retzlaff. Ex. C.

3. Retzlaff's litigation also includes claims filed or adjudicated during his incarceration by the Texas Department of Criminal Justice:

- *Ex Parte Retzlaff*, No. 03-05-00277-CR (Texas Court of Appeals, Third Dist., Austin, Tex., Dec. 5, 2006) (see "Litigation" section of the opinion: a condition of his supervision barred him from filing unreviewed lawsuits due to a trial court finding that Retzlaff "sought to use litigation as a weapon"); [2]

---

[1] Retzlaff did not confer with Defendants in creating any of these settings. Instead, Retzlaff has explained that his litigation is calculated to cost and coerce: Retzlaff has declared that he sees his lawsuit activity as a coercive means of inflicting costs upon the UTSA and its officials, and his hobby. Ex. A. He also has filed a bar grievance against a UTSA attorney. Ex. B.

[2] Find opinion at: http://www.3rdcoa.courts.state.tx.us/opinions/HTMLOpinion.asp?OpinionID=15455.

- *Ex parte Retzlaff*, 135 S.W.3d 45, 47 (Tex.Crim.App. 2004) ("Applicant was convicted of Possession of a Weapon in a Prohibited Place FN1 in March 1998 and sentenced to eight years in prison."); and

- *Ex parte Retzlaff*, 2007 WL 1451990 (Tex.App.-Austin 2007).

4. In this context, Defendants have repeatedly engaged Retzlaff's counsel in the present lawsuit attempting to perform the discovery necessary for them to further educate the Court about Retzlaff's claims, and to move under their immunities and other defenses for relief from the lawsuit. Ex. D (three letters transmitted to Retzlaff's counsel).

5. Retzlaff's counsel finally responded on June 23, 2008, that he is negotiating to withdraw from the case, and asks Defendants to wait. Ex. E. Yet Plaintiff's counsel more recently represented himself to UTSA law enforcement authorities as Retzlaff's counsel, and directed an officer not to communicate with his "client." Ex. F.

Accordingly, Defendants ask this Court to compel Retzlaff to appear and testify by deposition at the federal court in San Antonio on or about July 25, 2008.

## CONCLUSION

For the foregoing reasons, Defendants move to compel Retzlaff's deposition testimony to occur on or about July 25, 2008, beginning at 10:00 am and continuing until it is concluded as provided under the rules. Defendants ask the Court to authorize Defendant to so-notice the deposition accordingly.

Respectfully submitted,

GREG ABBOT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

DAVID S. MORALES
Deputy Attorney General for Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division

_____/s/_____ Lars Hagen_____
LARS HAGEN
Texas Bar No. 24034470
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 (Telephone)
(512) 320-0667 (Facsimile)

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via facsimile transmission and U.S. Certified Mail, Return Receipt Requested, on July 1, 2008, to the following:

LOUIS D. MARTINEZ
Law Office of Louis D. Martinez
1004 S. St. Mary's Street
San Antonio, Texas 78205

_____/s/_____ Lars Hagen_____
LARS HAGEN
Assistant Attorney General