IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

TOM RETZLAFF,
   Plaintiff,

Vs.

LYNDA YVONNE DE LA VINA,        CIVIL ACTION NO. 5:08-CV-00170-OLG
DIANE BAKER WALZ, KYLE
MERLETTE SNYDER, KATHERINE ANNE
POPE,
   Defendants.

**PLAINTIFF'S MEMORANDUM IN
SUPPORT OF MOTION TO RECALL ORDERS AND
MOTION FOR PROTECTIVE ORDER FROM SAID ORDERS**

Plaintiff asks the court to recall its earlier orders regarding the scheduling of this case and regarding plaintiff's deposition, and to issue a protective order.

A. Introduction

1.    Plaintiff is Tom Retzlaff; Defendant No. 1 is Lynda Yvonne De la Vina; Defendant No. 2 is Diane Baker Walz; Defendant No. 3 is Kyle Merlette Snyder; Defendant No. 4 is Katherine Anne Pope.

2.    Plaintiff sued defendants for defamation, violation of privacy, civil conspiracy, and violation of civil rights.

3. On September 11, 2008, defendants served plaintiff with an amended notice of intent to take deposition on September 24, 2008.

4. Regarding the court's June 11, 2008, scheduling order, plaintiff had no knowledge of the existence of this order until very recently. It was never sent to him by the court or opposing counsel. Obviously many of the deadlines for doing certain tasks have lapsed and plaintiff is not prepared to comply with this order.

## B. Argument

5. The court has broad discretion to issue a protective order on a showing of good cause. See Fed. R. Civ. P. 26(c); see also *Shingara v. Skiles*, 420 F.3d 301, 306 (3rd Cir. 2005) (listing factors court should consider in granting protective order for discovery).

6. There is good cause for the court to protect plaintiff with a protective order preventing the deposition of plaintiff. Plaintiff was never given any kind of notice or an opportunity to be heard with regards to defendants' previously filed motion to compel this deposition. Defendants never served plaintiff with a copy of their motion, nor was plaintiff ever notified about the court hearing. Lastly, defense counsel never once contacted plaintiff in an effort to confer about the setting of this deposition. Therefore, plaintiff asks the court to exercise its discretion and grant a protective order.

7. Plaintiff asks that the June 11th scheduling order be recalled, as well, because plaintiff had no knowledge of it until just recently. Plaintiff asks the court to reset the schedule so that he can start complying with it.

## C. Conclusion

8. For these reasons, plaintiff asks the court to set his motion for protective order for hearing and, after the hearing, to issue an order protecting plaintiff from defendants' notice of intent to take plaintiff's deposition by denying the requested discovery. Plaintiff further requests that the court two orders be recalled and that the scheduling order be redone or reset somehow.


Respectfully submitted,

/s/ Tom Retzlaff
Tom Retzlaff
PO Box 92
San Antonio, Texas 78291-0092
(210) 317-9800 OFFICE
(210) 521-9146 FAX

PLAINTIFF, PRO SE

## CERTIFICATE OF SERVICE

I certify that a copy of plaintiff's motion and notice of motion for protective order was served on defendants through their counsel of record, Lars Hagen, by telephonic document transfer to fax number (512) 320-0667, on September 22, 2008, before 5:00 p.m. local time of the recipient.

Tom Retzlaff