UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO

| | | |
|---|---|---|
| TOM RETZLAFF | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | NO: 5:08-CV-00170-OLG |
| LYNDA YVONNE DE LA VINA, | § | |
| DIANE BAKER WALZ, KYLE | § | |
| MERLETTE SNYDER, KATHERINE ANNE | § | |
| POPE, | § | |
|    Defendants. | § | |

**<u>DEFENDANTS' MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE</u>**

TO THE HONORABLE U.S. DISTRICT JUDGE ORLANDO L. GARCIA:

Defendants Lynda de la Vina, Diane Walz, Kyle Snyder, and Katherine Pope (the "Defendants"), named in their personal capacities by Plaintiff Tom Retzlaff, move to extend parties' deadline for filing dispositive motions. In particular, Defendants ask that this item of the controlling Scheduling Order be extended 51-days such that parties may move for this relief on or before January 30, 2009, rather than by December 10, 2008, as now prescribed.

Defendants make this request in light of competing litigation unexpectedly and recently assigned to defense counsel and other case obligations that impede them in concluding the organization of evidence and the drafting of a properly-supported motion for summary judgment, by December 10. Defendants, moreover, await responses to written discovery directed to non-party witnesses, which might likely form part of the record in support of summary judgment. Finally, Defendants seek clarification about the status of Retzlaff's representation before dispatching the dispositive motion they believe

is supported by the facts and law of this case, and which should dismiss Retzlaff's claims with prejudice.

## PROCEDURAL BACKGROUND AND RELEVANT FACTS

1. By Scheduling Order filed June 12, 2008, "[a]ll dispositive motions shall be filed no later than **Wednesday, December 10, 2008**." R. Item 2 at 2 ¶ 8. In performing discovery in this case, including with an eye towards achieving dismissal of Plaintiff's claims, Defendants successfully compelled Retzlaff's deposition and noticed it to occur in September 2008 in conformity with his attorney's request. R. Item 3; R. Item 4; R. Item 12. This Court later denied Plaintiff's request for protection from the deposition. R. Item 13. (Defendants now await the return of requests for admissions also anticipated to support a request for pretrial judgment.)

2. Since then, in September and October 2008, defense counsel was unexpectedly assigned two cases due to the resignation of two assistant attorneys general. In one of these newly-assigned cases, *Byerly v. Texas Animal Health Commission*, No. D-1-GN-06-001057 (126th Dist. Ct., Travis County, Tex.), undersigned counsel substituted as the lawyer for the commission on October 6 and served as its first-chair counsel in a trial that began on Monday November 3 and concluded on November 12, 2008, when the jury announced its verdict.

3. Additionally, undersigned counsel must appear in federal court on December 19, 2008, to cover pretrial matters in a case scheduled for trial in January 2009. *Klebe v. UTHSCSA and UT System*, No. 1:08-CV-0091-SS, in the U.S. District Court for the Western District of Texas (Austin Division) (dispositive motion pending).

4. Before the December 19 pre-trial hearing for *Klebe*, and on three different dates during first half of December 2008, undersigned counsel will travel to Dallas, Houston, and New Mexico for witness meetings and depositions associated with the *Klebe* case or the second case recently transferred to his docket. *Nassar v. UT Southwestern Health Systems, et al.*, No. 3-08-CV-1337-B, in the U.S. District Court for Northern District of Texas (Dallas Division). Defendants in the *Klebe* case also expect to prepare and file a reply brief in support of their pending dispositive motion.

5. Finally, by agreement with plaintiff's counsel in yet another pending federal case, initial disclosures must be organized and dispatched to the plaintiff on or before December 8, 2008. *Simonelli v. Fitzgerald, et al.*, No. 5:08-cv-00648-XR, in the U.S. District Court for the Western District of Texas (San Antonio Division).

6. In regard to conference to determine whether the present Motion is opposed or not opposed, Plaintiff and his attorney-of-record have confused Defendants about the status of Retzlaff's legal representation and their proper contact for conference. Accordingly, Defendants have moved to compel clarification. See R. Item 14 (Defendants' Motion to Compel Clarification of Attorney's Status); and R. Item 14-4 (draft Order). Defendants respectfully suggest that might also assist the orderly progression of the case if Retzlaff and his attorney clarified Martinez's status before the filing of any dispositive motion.

7. By telephone calls to Louis D. Martinez's office on November 25, 2008, undersigned counsel for Defendants was not able to reach any available person.

3

## CONCLUSION

For the foregoing reasons, Defendants move to extend the parties' deadline for filing all dispositive motions from December 10, 2008, to January 30, 2009.

Respectfully submitted,

GREG ABBOT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

DAVID S. MORALES
Deputy Attorney General for Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division


    /s/        Lars Hagen
LARS HAGEN
Texas Bar No. 24034470
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 (Telephone)
(512) 320-0667 (Facsimile)

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via facsimile transmission and U.S. Certified Mail, Return Receipt Requested, on November 25, 2008, to the following:

LOUIS D. MARTINEZ
Law Office of Louis D. Martinez
1004 S. St. Mary's Street
San Antonio, Texas 78205

      /s/      Lars Hagen
LARS HAGEN
Assistant Attorney General