UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO

| | |
|---|---|
| TOM RETZLAFF | § |
|     Plaintiff, | § |
| | § |
| v. | § |
| | §   NO: 5:08-CV-00170-OLG |
| LYNDA YVONNE DE LA VINA, | § |
| DIANE BAKER WALZ, KYLE | § |
| MERLETTE SNYDER, KATHERINE | § |
| ANNE POPE, | § |
|     Defendants. | § |

**DEFENDANTS' MOTION FOR LEAVE TO ASSERT
<u>AFFIRMATIVE DEFENSE</u>**

TO THE HONORABLE U.S. DISTRICT JUDGE ORLANDO L. GARCIA:

Defendants Lynda de la Vina, Diane Walz, Kyle Snyder, and Katherine Pope (Defendants), named in their personal capacities by Plaintiff Tom Retzlaff, move for leave to assert an additional affirmative defense. In particular, in answering in state court Retzlaff's live complaint, Defendants omitted the defense of "qualified privilege" to his defamation claim against them.

Defendants initially omitted this defense because Retzlaff's allegations do not concern an employment relationship with Defendants, where application of qualified privilege is most commonly recognized and applied. Research performed since then, however, verifies that authority supports its extension as a defense to Retzlaff's allegations in this case. This research was delayed by Plaintiff's multitude of cases against UTSA officials and related court hearings, his unsupported attempts to frustrate ordinary deposition discovery in this case, and the confusion sown by Plaintiff and his attorney about the state of his legal

representation—all conditions that redirected Defendants' limited legal resources and helped deter their counsel from earlier completing work on aspects of their defenses to Plaintiff's claims.

Defendants have attempted to confer with Plaintiff's counsel about this motion and to request that he comply with this Court's December 2008 Order compelling him to clarify his status in this case. See R. Item 17. Plaintiff's counsel has not responded to Defendants' attempt to confer on these topics; nor has he complied with the December 2008 Order requiring the clarification.

**PROCEDURAL BACKGROUND AND CONTEXTUAL FACTS**

1. Plaintiff Retzlaff is a former graduate student at the University of Texas at San Antonio (UTSA); the university expelled him in May 2008 through a disciplinary process for reasons unrelated to his legal claims against UTSA.

2. Retzlaff is a prolific pro se litigator who courts have restricted. Pending against UTSA or its officials, for example, are six law suits filed by Retzlaff since November 2007, including this one. See R. Item 3 at 2-3 and 12 at 3-4 (summary of appearances in several of the lawsuits); *In re. Retzlaff*, No. 2008 CI 12347 (150th Dist. Ct., Bexar County, Tex.); *and see* R. Item 3-2 (Plaintiff describes litigation as his "hobby"); and R. Item 12-3 (Retzlaff writes: ". . . my filing lawsuits and dragging their asses into court and into depositions is a kind of therapy for me. It lets me work off my extreme hate that I have for these people in a manner that is both productive beneficial to

to me." ).[1]

3. By Scheduling Order filed in June 2008 to control the present case, "The parties shall file all motions to amend or supplement pleadings or to join additional parties by **Monday, September 08, 2008.**" R. Item 2 at 2 ¶ 3.

4. Before and since September 2008, Plaintiff has interfered with the orderly progression of this case and thereby obstructed and delayed defense counsel's work to fully address his allegations through investigation and legal research. Plaintiff's actions having this effect include:

- seeking to thwart his deposition, causing Defendants to prepare pleadings to compel it;
- confusing Defendants about the status of his legal counsel in the case, causing Defendants to seek relief from mediation and prepare pleadings to compel clarification; and,
- non-compliance with this Court's Order compelling the clarification, thus obstructing clear communication between parties about Defendants' present motion and other case issues.

See R. Items 3; 6; 10; 13-14; 16-17.

5. Upon resuming ordinary investigation and research activities for this case, and after September 8, 2008, defense counsel discovered legal authority in a comparable case to advocate application of qualified-privilege to statements that Retlzaff attributes to Defendants:

We are convinced that Texas courts would recognize a qualified privilege in these circumstances, since they routinely recognize the privilege in the

---

[1] Defendants are not the only targets of Retzlaff's improper civil litigation. On October 15, 2008, one of these private defendants secured an *Order Declaring Tom Retzlaff a Vexatious Litigant*. R. Item 14-2. This Order followed a temporary order that protected the defendant and its legal counsel from Retzlaff. R. Item 3-4.

3

analogous circumstance of an employer providing a reference on a former employee to a prospective employer.

*Wheeler v. Miller*, 168 F.3d 241 (5th Cir. 1999). Defendants now therefore ask leave to timely assert qualified privilege as an affirmative defense to Retzlaff's claims against them.

6. Defendants do not believe that this requested relief unfairly prejudices Retzlaff—he has elected not to perform any discovery to support his claims in this case. Rather, granting the relief requested does justice under the facts of this case and all attendant facts about Plaintiff Retzlaff.

## CONCLUSION

For the foregoing reasons, Defendants request leave to timely designate qualified privilege as an affirmative defense to Plaintiff Retzlaff's defamation allegations against them, and ask that the Court now also recognize that Defendants' designation be considered timely.

Respectfully submitted,

GREG ABBOT
Attorney General of Texas

C. ANDREW WEBER
First Assistant Attorney General

DAVID S. MORALES
Deputy Attorney General for Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division

   /s/      Lars Hagen
LARS HAGEN
Texas Bar No. 24034470
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 (Telephone)
(512) 320-0667 (Facsimile)
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE AND CONFERENCE

I certify that I attempted to confer by telephone with Plaintiff's counsel about the subject of this motion—he has not responded. Also, a true and correct copy of the foregoing document and draft order has been served via facsimile transmission and U.S. Certified Mail, Return Receipt Requested, on January 14, 2009, to:

    LOUIS D. MARTINEZ
    Law Office of Louis D. Martinez
    1004 S. St. Mary's Street
    San Antonio, Texas 78205
    Counsel for Plaintiff

   /s/      Lars Hagen
LARS HAGEN
Assistant Attorney General