CONFIDENTIAL



In the Matter
of
Mr. Thomas C. Retzlaff

## DECISION

### STATEMENT OF ACTION

A hearing was commenced on Friday, April 18, 2008, at approximately 9:00am. The hearing was then continued on Monday, April 21, 2008, at 9:00am and was concluded that same day. The hearing was held on the campus of the University of Texas at San Antonio (UTSA), pursuant to the procedures outlined under the *Student Code of Conduct*.

### STATE OF CHARGES

The allegations against Mr. Thomas C. Retzlaff are violations of the *Student Code of Conduct*, Section 202(A), which states that,

"Disciplinary proceedings may be initiated against any student for any of the following acts or violations:"

> (2) the violation of any rule or regulation of the University, including but not limited to, those relating to on-campus housing, the registration of student organizations, the use of University facilities or grounds, and the time, place and manner of expression or expression-related conduct;
>
> (3) failure to comply with any order or instruction of an official of the University or the University of Texas System acting in the course of his or her authorized duties; furnishes false information to or withholds material information from any University staff member acting in the course of his or her duties;
>
> (6) forging, altering, mutilating, or destroying any University document or record, entering false information in such documents or records, or giving a false response to an inquiry made by an official of the University or The University of Texas System acting in the course of his or her duties;
>
> (14) any conduct which constitutes a violation of a federal, state or local law regardless of whether the conduct takes place on or off campus or results in the imposition of the penalty prescribed by the federal, state, or local law,
>   • Texas Penal Code Section 42.07 Harassment
>
>> (a) A person commits an offense if, with intent to harass, annoy, alarm, abuse torment, or embarrass another, he:

**ATTACHMENT 1**

Page 2
Mr. Tom C. Retzlaff Hearing
Decision Letter

> (7) sends repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another.

> (27) otherwise engaging in conduct that is inappropriate for members of an academic institution (such conduct includes, but is not limited to: pranks, throwing food at persons or property, public nudity, and harassing telephone calls.)

> (28) attempting to commit or assisting with the commission or attempted commission of any of the foregoing listed offenses.

Sec. 203 of the Student Code of Conduct states:

> (A) "The Office of Student Judicial Affairs or faculty may initiate disciplinary proceedings against any student accused of scholastic dishonesty."

> (B) "Scholastic Dishonesty" includes but is not limited to, cheating, plagiarism, collusion, falsifying academic records, and any act designed to give unfair advantage to the student (such as, but not limited to, submission of essentially the same written assignment for two courses without the prior permission of the instructor, providing false or misleading information in an effort to receive a postponement or extension on a test, quiz or other assignment), or the attempt to commit such an act.

> (F) "Falsifying academic records" includes, but is not limited to, the altering or assisting in the altering of any official record of the University or The University of Texas System, the submission of false information or the omission of requested information that is required for or related to any academic record of the University or The University of Texas System. Academic records include, but are not limited to, application for admission, the awarding of a degree, grade reports, test papers, registration materials, grade change forms, and reporting forms used by the Office of the Registrar. A former student who engages in such conduct is subject to a bar against readmission, revocation of a degree, and withdrawal of diploma.

Specifying, the student, Mr. Thomas C. Retzlaff is charged with not following the directive of a University Official when he was asked not to contact a fellow student at UTSA because the fellow student claimed that Mr. Retzlaff was harassing her. In addition the student, Mr. Thomas C. Retzlaff, is also charged with submitting an admissions application that contained information that was false.

Page 3
Mr. Thomas C. Retzlaff, Hearing
Decision Letter

## PRESENT AT THE HEARING

The hearing was closed.

The student, Mr. Thomas C. Retzlaff, represented himself with the aide of an advisor, his attorney.

The University was represented by Mr. Todd Wollenzier, Assistant Director, Student Judicial Affairs who was aided by an advisor, a University of Texas System Attorney.

The only other person present for the entire hearing was Mr. Daniel Escobar, Executive Director, Office of P-20 Initiatives, UTSA, and Hearing Office for this hearing.

All witnesses remained outside the hearing room until called to testify.

The hearing was recorded by means of a recording device.

## PREHEARING SUBMISSION OF DOCUMENTS

The University submitted a large number of documents which they had compiled in preparation for this hearing. The documents are too length to include in this decision letter. It should be noted here, however, that those documents are considered an official part of the record of this hearing. These documents are on file in the Office of Student Judicial Affairs at The UTSA.

## UNIVERSITY EVIDENCE

Again we could provide a listing of all of the information and materials that were presented in the University's case against Mr. Thomas C. Retzlaff, however that listing and description would take up much space and time and again, it should be noted that all documents presented by the University are a part of the official record of this hearing.

For the record however, the witnesses presented by the University were,
- Dr. Diane B. Walz, Associate Dean for Graduate Studies and Research in the College of Business (COB) at The UTSA. Dr. Walz discussed the process that the COB uses to admit students to their College and the deviation in the process that they used to admit Mr. Retzlaff. Further, she discussed the process that the COB later used to review Mr. Retzlaff's personal statement when they believed that he had been less than truthful.
- Captain Daniel J. Kiley, UTSA Police Department. Captain Kiley spoke about his encounter(s) with Mr. Retzlaff and staff members at UTSA who were involved in the investigation of the charges against Mr. Retzlaff.

Page 4
Mr. Thomas C. Retzlaff Hearing
Decision Letter

Throughout the hearing Mr. Retzlaff challenged the authenticity of many of the documents and objected on the grounds that he could not challenge those documents because the person(s) who allegedly wrote many of the documents was not available to testify. In addition, Mr. Retzlaff never testified that he had in fact written many of the email messages that the University presented and said that he wrote.

## STUDENT EVIDENCE

The student, Mr. Thomas C. Retzlaff also presented a number of documents which can be found as part of the official records of this hearing. It should also be noted here that Mr. Retzlaff presented to the Hearing Officer a list of twenty-nine (29) witnesses that he had hoped to question during the hearing. The list of witnesses included University and Non-University individuals. None of those witnesses, except for Mr. Luis Martinez, ever presented themselves to provide testimony. Mr. Martinez is Mr. Retzlaff's attorney and advisor for this hearing. The University objected to Mr. Martinez being able to testify in this case since he had been present for all of the testimony that had been presented in this case to that point. After the University objected to Mr. Martinez's being able to testify in this hearing and after considering a variety of issues associated with Mr. Martinez's possible testimony, the Hearing Office, ruled that in fact Mr. Martinez would not be allowed to testify.

One other individual who was on Mr. Retzlaff's list of witness was Mr. Kevin Price, UTSA Dean of Students. Since the hearing was taking place in the Office suite where Dean Price is located, he was asked if he would be willing to present himself to testify. He agreed and presented himself. The information that Dean Price provided dealt with the process that is used in to this and all Judicial Affairs hearings.

In addition, during the time that the student was provide to present his case, Mr. Todd Wollenzier, decided, on behalf of the University to drop the charges against Mr. Retzlaff associated with Section 202 (14). The Hearing Officer noted this for the record and proceeded with the hearing on the other charges facing Mr. Retzlaff.

## ISSUES OF FACT

The proven facts in the case are that Mr. Thomas C. Retzlaff, charged student, did in fact did not comply with an order or instruction of an official of the University, in this case a UTSA Police Officer. He did in fact visit the On-Campus residence of Ms. Lan Zhu, after he was instructed not to.

Information was also provided in this hearing which showed that Mr. Thomas C. Retzlaff's personal statement on his COB application for graduate school was in fact a

Page 5
Mr. Thomas C. Retzlaff Hearing
Decision Letter

misrepresentation of his life history and whereabouts on the dates and at the times that Mr. Retzlaff indicated. These documents can be found in the records of this hearing. In fact Mr. Retzlaff indicated in the hearing that the information on that personal statement was in fact less than truthful.

## CONCLUSION

As the Hearing Officer I often work very hard to provide the benefit of the doubt to the student and require documentation from the University to in fact prove that what they are charging a student with is in fact valid. I often see the hearing as an opportunity to learn if in fact the case presented against the student is valid. I believe this to be the role of the Hearing Officer. It is clear, however that University did in fact present a large sum of evidence that proves their case against Mr. Retzlaff. It is clear to me, that Mr. Retzlaff did in fact violate an order or instruction given to him by a University Official. The fact that Mr. Retzlaff stated in the hearing that he did not understand that University Oaks Residence Complex was not on the property of the UTSA does not change that fact. In situation after situation I find that Mr. Retzlaff did violate that order or instruction.

In addition while Mr. Retzlaff challenged the fact that he had (electronically) signed the statement on the COB application that states,

> ...I certify that the information in this application is complete and correct and understand that the submission of false information is grounds for rejection of my application, withdrawal of any offer of acceptance, cancellation of enrollment, permanent dismissal from the university or other appropriate disciplinary action.

it is difficult for the Hearing Office to come to the conclusion that this was not the case. Rather, I find no reason to believe that he did not author that statement in which he lied about his past. In addition, I believe that he did this knowingly and with the intent to gain unfair advantage in his application to the COB Graduate School.

It is clear that Mr. Retzlaff is a bright individual, that he wanted very much to be admitted to the COB at UTSA and that he in fact allowed his emotions to cloud his judgment. This having been said, it is also very clear that Mr. Retzlaff believed and believes to this very day, that the University, wanted or wants very much to find a reason to remove him. Having heard this case, I do not believe, that his removal from the University was an issue in this case. I believe that if Mr. Retzlaff had been truthful in his personal statement and had made a case for his admittance into the program he might have been successful. I also believe that if Mr. Retzlaff had been admitted to the program and if he had in fact applied himself strictly to his studies, he would have completed this program with high marks. He, however, soon after having began the program found

Page 6
Mr. Thomas C. Retzlaff Hearing
Decision Letter

himself in relationship that brought much attention to him self and which did not allow him to think in the manner that is appropriate for a university graduate student.

It is clear, after having reviewed the proceeding of the hearing and having reviewed all of the materials presented in the hearing, that Mr. Thomas C. Retzlaff is responsible for his actions and behaviors. Therefore, I find him responsible of all of the remaining charges that the University has brought against him in this hearing.

## PENALTY ASSESSED

As stated I believe that Mr. Thomas C. Retzlaff is in fact a bright individual and that he like other students before him must face the consequences of his actions. Therefore, his penalty is permanent expulsion from the University. Since the Spring 2008 semester has concluded as I write this document, I will allow him to receive credit for the classes that he was enrolled, and in which he received passing marks during the Spring 2008 semester. Further, I will also allow him to have access to his UTSA transcripts. His expulsion will begin at the conclusion of the Spring 2008 semester.

Signed this 12th day of May, 2008
Daniel Escobar, Executive Director
Office of P-20 Initiatives
Hearing Officer


Cc: Mr. Todd Wollenzier, Assistant Director, Office of Judicial Affairs