UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO

| | | |
|---|---|---|
| TOM RETZLAFF | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | NO: 5:08-CV-00170-OLG |
| LYNDA YVONNE DE LA VINA, | § | |
| DIANE BAKER WALZ, KYLE | § | |
| MERLETTE SNYDER, KATHERINE | § | |
| ANNE POPE, | § | |
|     Defendants. | § | |

**AFFIDAVIT OF TODD WOLLENZIER**

| | |
|---|---|
| COUNTY OF BEXAR | § |
| | § |
| STATE OF TEXAS | § |

Before me, the undersigned authority, personally appeared Todd Wollenzier, who being known to me as the person whose signature appears below, and being first by me duly sworn, did depose and say:

1. "My name is Todd Wollenzier. I am over 18 years of age and have never been convicted of a felony crime or any misdemeanor crime involving dishonesty. I have personal knowledge of the matters set forth in this affidavit, am competent to make the affidavit, and the facts I state here are true and correct.

2. I am assistant director of the UTSA Office of Judicial Affairs and have performed the duties of this position since 2004. Between 1998 and 2004 I worked as a municipal police officer; I hold a B.A. degree in criminal justice with a minor in psychology from Kent State University. One duty I perform is reviewing and sometimes further investigating referrals of possible violations of the UTSA Student Code of Conduct. I study facts and the Code to determine if a Code violation occurred. In this process, I consult with my supervisors about the violation and the appropriate discipline. In the case of a student who elects to have a hearing before a hearing officer, my role is to present the facts and request that the officer impose the discipline that the university recommends.

3. In 2007, administrators at the UTSA College of Business, in particular Dr. Diane Walz, brought Thomas Retzlaff to my attention. A female student there had accused

**EXHIBIT F**

Mr. Retzlaff of harassing her, and upon examining facts about this student, it appeared to Dr. Diane Walz and other college administrators that Mr. Retzlaff had lied in his application for admission to the MBA program. There was also information that Mr. Retzlaff continued to contact and harass the complaining student, despite instructions from Captain Dan Kiley of the UTSA Police Department to stop doing so. These conditions would violate the UTSA Student Code of Conduct.

4. My research and interviews substantiated the concerns brought to my attention. The research included reviewing court opinions and public records provided by the Texas Department of Criminal Justice. They showed that Mr. Retzlaff was in prison during a period when he claimed to be performing military service, and that he was in Texas much longer than his application indicated (it said 2-years). This work caused me to notify Mr. Retzlaff, in January 2008, that the university was charging him with Code violations for: falsifying aspects of his application for admission to the MBA program; and, disobeying Captain Kiley's direction to leave-alone a female student who had complained against him. Because Mr. Retzlaff elected to have a hearing to determine whether the charges were correct, or not, and to decide the penalty for the violations, I worked to arrange the hearing and represented the university's interests when it occurred.

5. I understand that Mr. Retzlaff has filed lawsuits about the process that the university followed in this disciplinary process. I have reviewed what was marked as Exhibit C (dated January 28, 2008), Exhibit D (dated March 17, 2008), and Exhibit E (dated March 21, 2008) to the deposition taken of Mr. Retzlaff by the defendants in this case. I prepared each of these letters and sent them to Mr. Retzlaff. They notified Mr. Retzlaff about the charges, intended evidence, my answers to his questions, and dates for his disciplinary hearing.

6. The university also addressed objections Mr. Retzlaff made to the appointed hearing officer and the time of the hearing, by: allowing Daniel Escobar, rather than the first appointed hearing officer, to preside over the hearing; and, rescheduling the hearing. Mr. Retzlaff nevertheless asked civil courts to intervene to altogether cancel the hearing, but his final attempt to do so was denied. On April 18 and 21, 2008, I represented the university's interests at Mr. Retzlaff's disciplinary hearing where he and his attorney were at all time present; the hearing officer agreed by Decision dated in May 2008 that the evidence showed that Mr. Retzlaff should be discharged from the university."

END OF AFFIDAVIT

_____
Todd Wollenzier

SWORN AND SUBSCRIBED before me on January 29, 2009.

_____
Notary Public In and For the State of Texas

My Commission Expires _____