UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO

| | | |
|---|---|---|
| TOM RETZLAFF<br>　　Plaintiff,<br><br>v.<br><br>LYNDA YVONNE DE LA VINA,<br>DIANE BAKER WALZ, KYLE<br>MERLETTE SNYDER,<br>KATHERINE ANNE POPE,<br>　　Defendants. | § § § § § § § § § § | NO: 5:08-CV-00170-OLG |

## DEFENDANTS' REQUEST FOR ADMISSIONS
## FROM NON-PARTY WITNESS

TO:   Lydia L. Edwards, Integrity Legal Support Solutions, 114 West 7th Street, Suite 240, Austin, TX 78701.

Defendants Lynda de la Vina, Diane Walz, Kyle Snyder, and Katherine Pope (the "Defendants") to Lydia L. Edwards, a non-party witness to the deposition of Plaintiff Tom Retzlaff, which occurred September 24, 2008. Please indicate your answer by marking "admit" or "deny" in the space provided, verify your answers through the attached "Verification" form, and return it to the undersigned counsel at his indicated mailing address.

1.   You were the shorthand reporter for the September 24, 2008, deposition of Plaintiff Tom Retzlaff taken by the Defendants at 3460 North East Parkway, San Antonio, Texas.



　　____✓____  (admit)　　　　　　　_____  (deny)

EXHIBIT
I

2.   The attached transcript excerpt (pp. 106–109) correctly transcribes the testimony and other recorded occurrences between about 12:23pm and 1:15pm, which included an agreement to take a lunch break and the resumption of the deposition after that break, during the September 24, 2008 deposition of Plaintiff Retzlaff.

___✓___ (admit)         _____ (deny)

3.   Before resuming the recording of his deposition testimony at 1:13pm, and while you were present, you heard Plaintiff Retzlaff state that he thought about "killing people" in connection with his litigation.

___✓___ (admit)         _____ (deny)

## VERIFICATION OF LYDIA L. EDWARDS

**STATE OF TEXAS** §
§
**COUNTY OF TRAVIS** §

      **BEFORE ME**, the undersigned notary public, on this day personally appeared Lydia L. Edwards, who after being duly sworn, stated under oath that she has personal knowledge of the foregoing responses she has given to Defendants' Request for Admissions, presented to her by Lynda de la Vina, Diane Walz, Kyle Snyder, and Katherine Pope, that she is duly authorized to execute this verification, and that all of her answers are sworn as true and correct.

_____
LYDIA L. EDWARDS

      **BEFORE ME**, the undersigned authority, on this day personally appeared LYDIA L. EDWARDS, known personally to me to be the person subscribed in the foregoing instrument.

      Given under my hand and seal of office on this ___3rd___ day of ___Dec.___ 2008.

_____
NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS

___Lupita Munoz___
[Printed Name]

My Commission Expires: ___7-26-11___

Respectfully submitted,

GREG ABBOT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

DAVID S. MORALES
Deputy Attorney General for Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division

_____
LARS HAGEN
Texas Bar No. 24034470
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 (Telephone)
(512) 320-0667 (Facsimile)

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document and referenced attachment has been served via U.S. Postal Service mail on November 24, 2008, to:

LOUIS D. MARTINEZ
Law Office of Louis D. Martinez
1004 S. St. Mary's Street
San Antonio, Texas 78205
Counsel for Plaintiff Retzlaff

_____
LARS HAGEN
Assistant Attorney General

Page 1

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| TOM RETZLAFF ) | |
|     Plaintiff,  ) | |
| ) | |
| v.                ) | NO. 5:08-CV-00170-OLG |
| ) | |
| LYNDA YVONNE DE LA VINA, ) | |
| DIANE BAKER WALZ, KYLE    ) | |
| MERLETTE SNYDER,          ) | |
| KATHERINE ANNE POPE,      ) | |
|     Defendants.  ) | |

VIDEOTAPED DEPOSITION OF TOM RETZLAFF
September 24, 2008

BE IT REMEMBERED that the videotaped deposition of TOM RETZLAFF was reported by Lydia L. Edwards, Certified Shorthand Reporter, by machine shorthand on September 24, 2008, at the Office of the Attorney General of Texas, located at 3460 North east Parkway, San Antonio, Texas, between the times of 10:32 o'clock a.m. and 3:30 o'clock p.m., after which time the deposition was reduced to writing and set forth as follows:

Page 106

1    MR. HAGEN: I think we'll just take a      12:23 PM
2 break and get some food and stretch our legs and
3 resume at --
4    THE WITNESS: I mean, I'm planning on
5 leaving. I got other stuff to do today.         12:23 PM
6    MR. HAGEN: Well, Mr. Retzlaff --
7    THE WITNESS: You know, if you want to
8 keep going, that's fine.
9    MR. HAGEN: We do intend to keep going,
10 and as a courtesy to everybody at the table, not --   12:23 PM
11 this is not just about you -- we'll break until, say,
12 1:00 o'clock and then resume and hopefully conclude
13 in the afternoon, all right?
14    THE VIDEOGRAPHER: This is the end of
15 Tape No. 2. We are off the record at 12:24.      12:24 PM
16    (At this time, a brief recess was
17    taken for lunch, after which time an
18    instrument was marked for
19    identification as Exhibit B.)
20    THE VIDEOGRAPHER: This is the         01:13 PM
21 beginning of Tape No. 3. We are back on the record
22 at 1:13.
23    Q. (BY MR. HAGEN) Mr. Retzlaff, we were just
24 having a conversation about the medical release that
25 you've had a chance to further review during lunch; 01:13 PM

Page 107

1 is that right?                                 01:13 PM
2    A. Actually I didn't look at it at all during
3 lunch.
4    Q. Okay.
5    A. But I did think about it a bit.
6    Q. True or false: We just now were talking
7 about this release of information?
8    A. Yes.
9    Q. Okay. Now, at the tail end of our
10 conversation off the record on this, you made mention 01:13 PM
11 of thinking about killing people, did you not?
12    A. Oh, Mr. Hagen, I make mention about many
13 different things, but if we want to talk about this
14 medical release, let's talk about the medical
15 release.                                      01:13 PM
16    Q. Mr. Retzlaff, are you denying now on the
17 record that you just made reference --
18    A. I'm not even discussing it.
19    Q. -- to thinking about killing people? Did you
20 not do that?
21    A. I'm not even discussing it.
22    Q. So you're not going to answer this question?
23    A. No, I'm not.
24    Q. Okay. Do you want to take a Fifth on that
25 question?

Page 108

1    A. No. I'm just not going to discuss it.    01:14 PM
2    Q. Okay.
3    A. You know, you throw a few zingers out there,
4 and maybe I might, too.
5    Q. Okay. Well, we can go ahead and I can    01:14 PM
6 subpoena Mr. Martinez who is not your counsel on this
7 lawsuit and have him testify to what was said. We
8 can take that up if you want to at a different time.
9 Shall we do that?
10    A. And that's fine.                        01:14 PM
11    Q. Okay.
12    A. And that's fine --
13    Q. Okay.
14    A. -- if that's --
15    Q. Okay.
16    A. -- what you want to do.
17    Q. Okay. I do.
18    A. Okay.
19    Q. I think I do, Mr. Retzlaff.
20    A. Okay.
21    MR. HAGEN: Are you agreeable to that,
22 Mr. Martinez?
23    MR. MARTINEZ: Well, if I'm a fact
24 witness, I'm a fact witness.
25    MR. HAGEN: Okay. And did you hear the

Page 109

1 threat that was made?
2    MR. MARTINEZ: I heard a statement. I
3 don't know what the characterization of it was.
4    MR. HAGEN: Do you want to go ahead and
5 tell us what the statement was that Mr. Retzlaff   01:14 PM
6 made?
7    MR. MARTINEZ: I don't know that this
8 is the proper venue for this, the proper way to do
9 this, but I'm not under subpoena. I'm not under
10 oath.
11    MR. HAGEN: Are you declining to say?
12    MR. MARTINEZ: I'm declining to say at
13 this point.
14    MR. HAGEN: Okay.
15    THE WITNESS: And it certainly wasn't a 01:14 PM
16 threat. No threats were made.
17    Q. (BY MR. HAGEN) Okay. Well, what did you
18 say?
19    A. I don't know. I'm not going to discuss it.
20    Q. Okay.                                   01:15 PM
21    A. Okay.
22    Q. Okay.
23    A. But I'm telling you point-blank no threats
24 were made, Lars.
25    Q. Okay. So the conclusion that you were   01:15 PM