IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

TOM RETZLAFF,
  Plaintiff,

Vs.

LYNDA YVONNE DE LA VINA,     CIVIL ACTION NO. 5:08-CV-00170-OLG
DIANE BAKER WALZ, KYLE
MERLETTE SNYDER, KATHERINE ANNE
POPE,
  Defendants.

## PLAINTIFF'S MEMORANDUM IN
## SUPPORT OF MOTION TO SUPPRESS DEPOSITION
## OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

Plaintiff asks the court to suppress the deposition that was taken of plaintiff on account of the fact that defense counsel violated plaintiff's right to counsel and right to confer with counsel during the taking of said deposition.

### A. Introduction

1. Plaintiff is Tom Retzlaff; Defendant No. 1 is Lynda Yvonne De la Vina; Defendant No. 2 is Diane Baker Walz; Defendant No. 3 is Kyle Merlette Snyder; Defendant No. 4 is Katherine Anne Pope.

2. Plaintiff sued defendants for defamation, violation of privacy, civil conspiracy, and violation of civil rights.

1

3.      On September 24, 2008, defendants conducted the oral and videotaped deposition of the plaintiff at the Offices of the Attorney General in San Antonio, Texas. At this deposition were the plaintiff and his attorney of record in this lawsuit, Lewis Martinez.

4.      Plaintiff attempted to confer with defendants' counsel, Lars Hagen, in a good-faith effort to resolve the dispute without court action, as required by Federal Rule of Civil Procedure 26(c) and as shown in the attached certificate of conference. Plaintiff informed defense counsel about the issues in this motion, however the dispute remains unresolved.

## B. Argument

5.      The court has broad discretion to issue a protective order on a showing of good cause. See Fed. R. Civ. P. 26(c); see also *Shingara v. Skiles*, 420 F.3d 301, 306 (3rd Cir. 2005) (listing factors court should consider in granting protective order for discovery).

6.      There is good cause for the court to protect plaintiff with a protective order regarding the September 24, 2008, deposition of plaintiff. During the deposition defense counsel, Mr. Lars Hagen of the Texas Attorney General's Civil Litigation Office, repeatedly interfered with – **<u>and outright prevented</u>** – plaintiff from being able to confer with his attorney of record, Mr. Martinez, for purposes of determining whether or not to assert a privilege with regards to some of the deposition questions.

7.      Attached as Exhibit A is a copy of the relevant portions of the deposition transcript showing what happened.

8. A lawyer and client have an **absolute right** to confer privately during a deposition about the testimony and whether or not to assert a privilege. *Hall v. Clifton Precision*, 150 F.R.D. 525, 531-32 (E.D. Pa. 1993). A lawyer should be allowed to confer privately with a client when the conference is initiated by the client-witness. ABA, *Civil Discovery Standards* at 34 – 35; e.g. *Odone v. Croda Int'l*, 170 F.R.D. 66, 68 – 69 (D.D.C. 1997).

9. There can be no doubt that at the September 24, 2008, deposition, Mr. Lewis Martinez was **(and still is)** the plaintiff's attorney of record in this case as his is the signature that appears on the first pleading for the plaintiff. He has not withdrawn.

10. Plaintiff would remind the court that a litigant has a **Constitutional right**, deriving from due process, to retain counsel in a civil case. *Texas Catastrophe Prop. Ins. Ass'n v. Morales*, 975 F.2d 1178, 1180 (5th Cir. 1992); *Gray v. New England Tel & Tel Co.*, 792 F.2d 251, 256-57 (1st Cir. 1986); see also *Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1118 (5th Cir. 1980) (court cannot prohibit attorney from consulting with party-witness during recess). That Constitutional right was violated by the Assistant State Attorney General when he **prohibited** Mr. Retzlaff from being able to confer with his attorney of record, Mr. Louis Martinez, during the deposition of Mr. Retzlaff.

C. Conclusion

11. For these reasons, plaintiff asks the court to set his motion to suppress and for a protective order for hearing and, after the hearing, to issue an order suppressing the

3

deposition and prohibited the defendant from making **any use at all** of this deposition **in any forum – public or private.**.

Respectfully submitted,

/s/ Tom Retzlaff

Tom Retzlaff
PO Box 92
San Antonio, Texas 78291-0092
(210) 317-9800  OFFICE
(210) 521-9146  FAX

PLAINTIFF

## CERTIFICATE OF CONFERENCE

I certify that I attempted to confer with Lars Hagen by telephone last week, and I cannot represent to the court whether or not counsel opposes or does not oppose this motion. But I would assume that he does.

/s/ Tom Retzlaff

Tom Retzlaff

# CERTIFICATE OF SERVICE

I certify that a copy of plaintiff's motion and notice of motion for protective order was served on defendants through their counsel of record, Lars Hagen, by telephonic document transfer to fax number (512) 320-0667, on February 19, 2009, before 5:00 p.m. local time of the recipient.

*[signature]*
Tom Retzlaff

# EXHIBIT A

(Retzlaff Deposition)

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

TOM RETZLAFF )
    Plaintiff, )
)
v. ) NO. 5:08-CV-00170-OLG
)
LYNDA YVONNE DE LA VINA, )
DIANE BAKER WALZ, KYLE )
MERLETTE SNYDER, )
KATHERINE ANNE POPE, )
    Defendants. )

---

VIDEOTAPED DEPOSITION OF TOM RETZLAFF
September 24, 2008

---

BE IT REMEMBERED that the videotaped deposition of TOM RETZLAFF was reported by Lydia L. Edwards, Certified Shorthand Reporter, by machine shorthand on September 24, 2008, at the Office of the Attorney General of Texas, located at 3460 North east Parkway, San Antonio, Texas, between the times of 10:32 o'clock a.m. and 3:30 o'clock p.m., after which time the deposition was reduced to writing and set forth as follows:

1  Q. Who did you sue in Bell County?

2  A. Oh, I don't remember. There were several --
3  several things going on.

4  Q. Okay.

5  A. I don't know. This is 15 years ago. I don't
6  really recall offhand.

7  Q. Nothing more recent, you're testifying, in
8  Bell County?

9  A. No. There hasn't been any recent lawsuits in
10 Bell County at all.

11 Q. Okay. So Bell County, Bexar County. Where
12 else?

13 A. Well, let me ask my counsel here a question.

14 Q. Well, he is not your counsel.

15 A. Okay. Well, let me ask --

16 Q. He's been --

17 A. -- my good friend --

18 Q. He's been --

19 A. -- a question, then.

20 Q. He's been -- if you want legal advice, then
21 we're taking the position that he's your counsel in
22 this case.

23 A. Okay. Do you want accurate answers or not?

24 Q. And if he wants to confer this way with you,
25 then Mr. Martinez can be your counsel at today's

1  deposition, and we'll -- we will proceed accordingly.

2     A.   But who are you to dictate how he runs his

3  business in life?

4     Q.   If he is not -- if you're going to confer

5  with him and he is not your counsel and he's taken

6  the position that he's not your counsel, then we're

7  going to invite Mr. Martinez to leave the deposition.

8     A.   Well, you can invite whatever you want.

9  Okay.  And you can dictate whatever you want, but

10 that doesn't mean I'm going to play along with it.

11    Q.   Okay.  Mr. Martinez has some decision-making

12 to do here, I think.

13         MR. HAGEN:  If you're going to give him

14 legal counsel, Mr. Martinez --

15         THE WITNESS:  Well, I wasn't asking for

16 legal --

17         MR. HAGEN:  This, first of all, is just

18 something that we're having to do for the record.

19         THE WITNESS:  Okay.

20         MR. HAGEN:  And it's a position I'm

21 taking in light of the direction --

22         THE WITNESS:  Sure.

23         MR. HAGEN:  -- you're going here, and

24 you're --

25         THE WITNESS:  Well, it's not a

1 question --

2     MR. HAGEN: -- delaying the discovery
3 that the Defendants are doing and that they're
4 entitled to. So let me just take this position for
5 the record, and then you can --

6     THE WITNESS: Sure.

7     MR. HAGEN: -- make your mutual or
8 separate decisions.

9     If you're going to confer and give
10 legal counsel on this, Mr. Martinez, then we are
11 assuming that you're going to be counsel of record at
12 this deposition. If you're not going to give him
13 legal counsel at this time but -- or if you are,
14 rather, going to give him legal counsel at this time
15 but insist that you're not going to serve as his
16 counsel for today's deposition, we're going to ask
17 that you leave the deposition so there's not anymore
18 of this, okay?

19     THE WITNESS: Well, do you want correct
20 answers from me or not.

21     MR. HAGEN: And in light of that, if
22 you want to take five minutes to talk between
23 yourselves about what you want to do here, that's
24 fine. But when we return, you're either going to be
25 his counsel and you're going to speak and object and

1  perform as counsel in the case for him, or if you're
2  going to, you know, give him legal advice in the
3  course of today's discovery proceedings, we're going
4  to invite you to leave because you've taken the
5  deposition that you're not his counsel, okay, so we
6  don't have continual interruption and things like
7  that.
8              MR. MARTINEZ: And, Mr. Hagen, I
9  appreciate your position, I appreciate your concerns,
10 and I'd appreciate that courtesy of a five-minute
11 break.
12             THE VIDEOGRAPHER: We are off the
13 record at 11:15.
14             (BRIEF RECESS)
15             THE VIDEOGRAPHER: This is the
16 beginning of Tape No. 2. We are back on the record
17 at 11:24.
18             MR. HAGEN: So we took a break so that
19 you could chat with Mr. Martinez who I think -- the
20 Plaintiff is you, Mr. Retzlaff.
21             And you, Mr. Martinez, taking the
22 position he's not representing you here today, do you
23 want to change the nature of that relationship or
24 not? Do you want to declare that you are now
25 representing Mr. Retzlaff, Mr. Martinez, for the

1  purpose of today's deposition or not?
2              MR. MARTINEZ: No. To reiterate, I
3  don't have a federal license. So I don't want to
4  violate any rules of the federal bar.
5              MR. HAGEN: Okay.
6              MR. MARTINEZ: I don't want to put
7  myself in a legal bind, and I don't want to -- you
8  know, I don't want to intrude on those concerns.
9              MR. HAGEN: Okay.
10             MR. MARTINEZ: It is my position that
11 once this case was removed that I could not act as
12 counsel in this case because I don't have leave of
13 the court to practice in federal court.
14    Q. (BY MR. HAGEN) Okay. Mr. Retzlaff, were you
15 seeking legal advice during the break from
16 Mr. Martinez?
17    A. I'm not going to talk about what he and I
18 talked about.
19    Q. I'm not asking you to talk about what you
20 talked about. I'm just asking you, did you seek
21 legal advice and communicate legal advice with him?
22    A. I'm not going to answer that question.
23             MR. HAGEN: Okay. Mr. Martinez, if
24 it -- so that there are not other interruptions and
25 in light of the one interruption that you we've had

1 here and in light of the past agreements and
2 understandings that we've had and in light of the
3 fact that, you know, by standards were not brought to
4 our attention as other people who intended to attend
5 this deposition as for parties or for lawyers and the
6 folks who are recording the deposition, we're going
7 to ask that you leave the deposition. And that's the
8 Defendants' request.
9             THE WITNESS: And on what basis are you
10 making that request under the rules.
11            MR. HAGEN: There's been nothing
12 brought to my attention that you intended to have
13 anybody other than the parties at this deposition or
14 your counsel. He's neither one.
15            THE WITNESS: Or employees of the
16 party?
17            MR. HAGEN: He's neither one.
18            THE WITNESS: Or employees of the
19 party?
20            MR. HAGEN: He is not your attorney.
21 We've established that.
22            THE WITNESS: Or employees --
23            MR. HAGEN: And he's not a party in --
24            THE WITNESS: -- of the party?
25            MR. HAGEN: He is not a party to the

1  case. He is not your counsel. So we're asking
2  Martinez for the --
3         THE WITNESS: He is my employee.
4         MR. HAGEN: For the sake of making this
5  go faster and so that there are not additional
6  unnecessary interruptions, we are asking Mr. Martinez
7  to leave.
8         THE WITNESS: Well, an employee of the
9  party is certainly allowed to be present. I don't
10 see anything in the rules here that says they're not.
11        MR. HAGEN: Mr. Retzlaff, you have sued
12 the Defendants as a person, not as an employer.
13 Okay. This is a personal suit that stems from your
14 relationship to UTSA as a past student there. You're
15 contriving some interpretation out of somewhere, and
16 it does not make sense. So we're asking Mr. Martinez
17 to make a call.
18        THE WITNESS: Okay.
19        MR. HAGEN: We're asking you to leave.
20 By the way, if you want to retrospectively move to
21 become a member of the Western District for the
22 purpose of representing him, we are not going to
23 stand in your way. We would not oppose that. We
24 would not oppose any retrospective application or pro
25 hac vice. We would not oppose anything to bar your

1 entry legitimately into this federal -- now-federal
2 case.  First, let me make that a hundred percent
3 understood.
4            MR. MARTINEZ:  Okay.
5            MR. HAGEN:  However, you have never
6 made a declaration that you intend to do that or want
7 to do that, and on the other hand, you have expressed
8 your reservations about participating as his counsel
9 now for the first time in light of its posture in
10 federal court.  So because you're not representing
11 him in this federal litigation in light of your
12 licensing status, we're asking you to leave.  And in
13 light of past occurrences here at this deposition and
14 the interference and problem it's caused in terms
15 of --
16            THE WITNESS:  He's my employee.
17            MR. HAGEN:  -- of, you know,
18 unnecessary interruptions and what I anticipate could
19 be many more interruptions of that sort, we're asking
20 you to excuse yourself from the deposition.
21            MR. MARTINEZ:  You know, I am hesitant
22 to do that given the fact that I am still receiving
23 correspondence, and the Court in its last order
24 saw -- you know, had the opinion that Mr. Retzlaff is
25 represented by counsel.

1    MR. HAGEN: Do you want to make
2 objections in the case?
3    MR. MARTINEZ: I have no desire to make
4 objections.
5    MR. HAGEN: Okay. Then there cannot be
6 further interruptions for the purpose of Mr. Retzlaff
7 conferring with you as counsel.
8    MR. MARTINEZ: And there will -- I can
9 guarantee that I will not participate in any further
10 interruptions.
11    MR. HAGEN: Okay.
12    MR. MARTINEZ: I will not be making
13 objections.
14    MR. HAGEN: Okay.
15    MR. MARTINEZ: But given -- in light of
16 the order that the Court just promulgated, I think
17 it's out of an abundance and in light of that order
18 that I believe it's in everyone's best interest that
19 I stay here in case there's any problems in the
20 future.
21    MR. HAGEN: Okay. So you will not
22 entertain more questions from --
23    MR. MARTINEZ: I will --
24    MR. HAGEN: -- Mr. Retzlaff --
25    MR. MARTINEZ: I will not.

```
 1              MR. HAGEN:  -- in the case, correct?
 2              MR. MARTINEZ:  Correct.
 3              MR. HAGEN:  Okay.  So with that
 4   understanding and reconfirmation, let's go ahead and
 5   proceed with the deposition.
 6        Q.  (BY MR. HAGEN)  We were on the topic of past
 7   civil litigation history; is that right,
 8   Mr. Retzlaff?
 9        A.  Yeah.
10        Q.  And you now estimate that you've brought some
11   25 civil lawsuits against people over time, correct?
12        A.  Approximately.
13        Q.  Okay.  And let me stop and ask you, is there
14   something that's distracting you that's in your lap?
15        A.  Yeah, there is.
16        Q.  What is that?
17        A.  It's a text message that I got from a female
18   friend of mine, and I'm just writing her back about
19   what we're going to do tonight.
20        Q.  Okay.  Do you need a couple more minutes to
21   finish up --
22        A.  No.
23        Q.  -- your text message?
24        A.  No.  Go ahead and ask your question.
25        Q.  Well, I'll tell you what.  I'll let you
```

```
                UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF TEXAS
                    SAN ANTONIO DIVISION

TOM RETZLAFF                )
        Plaintiff,           )
                            )
v.                          )    NO. 5:08-CV-00170-OLG
                            )
LYNDA YVONNE DE LA VINA,    )
DIANE BAKER WALZ, KYLE      )
MERLETTE SNYDER,            )
KATHERINE ANNE POPE,        )
        Defendants.         )
```

* * * * * * * * * * * * * * * * *

REPORTER'S CERTIFICATION
VIDEOTAPED DEPOSITION OF TOM RETZLAFF
TAKEN ON SEPTEMBER 24, 2008

* * * * * * * * * * * * * * * * *

   I, LYDIA L. EDWARDS, CERTIFIED SHORTHAND REPORTER in and for the State of Texas, do hereby certify to the following:

   That the witness, TOM RETZLAFF, was duly sworn by me and that this deposition transcript is a true record of the testimony given by said witness;

   That the amount of charges for my preparation of the completed deposition transcript and any copies of exhibits is $_____, charged to Lars Hagen;

   That the original deposition transcript was submitted on October 17, 2008 to the Witness for examination, signature and return to the custodial

1 attorney by _November 17, 2008_;

2     That the amount of time used by each party
3 at the deposition is as follows:
4     Lars Hagen          - 3 hours, 44 minutes
5     That pursuant to information made a part of
6 the record at the time said testimony was taken, the
7 following includes all parties of record:
8 TOM RETZLAFF
  PRO SE
9 LARS HAGEN
  Attorney for DEFENDANTS
10
11     That I am neither counsel for, related to
nor employed by any of the parties or attorneys in
12 the action in which this proceeding was taken and,
13 further, that I am not financially or otherwise
14 interested in the outcome of the action;
15     CERTIFIED TO BY ME this _15th_ day of
16 October, 2008.

_Lydia Edwards_
LYDIA L. EDWARDS, CSR
Certified Shorthand Reporter
For the State of Texas
Certification No. 2567
Commission Expires: 12/31/08