UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO

| | |
|---|---|
| TOM RETZLAFF<br>    Plaintiff,<br><br>v.<br><br>LYNDA YVONNE DE LA VINA,<br>DIANE BAKER WALZ, KYLE<br>MERLETTE SNYDER, and<br>KATHERINE ANNE POPE,<br>    Defendants. | §<br>§<br>§<br>§<br>§   CAUSE NO: 5:08-CV-00170-OLG<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO SUPPRESS DEPOSITION OR, IN THE ALTERNATIVE, MOTION FOR <u>PROTECTIVE ORDER</u>**

TO THE HONORABLE U.S. DISTRICT JUDGE ORLANDO L. GARCIA:

Rather than directly defending the merits of his lawsuit that burdens this Court and four defendants, Plaintiff Tom Retzlaff answers *Defendants' Motion and Brief for Summary Judgment* by moving to suppress his own testimony in the case. Defendants Lynda de la Vina, Diane Walz, Kyle Snyder, and Katherine Pope oppose Retzlaff's attempt—it lacks any basis in fact or law. Defendants respectfully request summary judgment at this stage.

Retzlaff asserts a false factual premise—that Defendants "interfered with plaintiff's right to have counsel and to confer with counsel at deposition"—as the basis for his request to suppress his sworn testimony in this civil case. Contrary to this claim, but consistent with Retzlaff's ongoing attempts to frustrate justice,[1] the record evidence is clear that attorney

---

[1] Defendants had to compel Retzlaff's deposition; and this Court later denied Retzlaff's unfounded request for protection from its proper notice. R. Items 4, 13. Retzlaff's record of vexatious civil litigation against UTSA, its officials, and others, is apparent in documents and orders before this Court.

Louis Rodriguez attended Retzlaff's deposition but not as his legal counsel in the case. (Defendants nevertheless permitted Rodriguez to attend the deposition in its entirety.) It is undisputed that: attorney Rodriguez began the Retzlaff deposition by expressly declaring, in Retzlaff's presence, that he was **not** appearing there as Retzlaff's attorney and that Retzlaff was acting **pro se**; Retzlaff never sought to have any other person present at his deposition; and attorney Rodriguez declined Defendants' invitation to participate during the deposition through a retrospective motion to practice pro hac vice.

At deposition, Retzlaff once termed Rodriguez his "employee," thus acknowledging his own understanding that Martinez was not his attorney for the proceeding. And the record shows that Retzlaff has been acting pro se since this case was removed to federal court in March 2008. See R. Item 13 (motion filed by Retzlaff, pro se).

A second erroneous premise asserted by Retzlaff is the legal assertion that he had or has a "right" to counsel or a "right" to confer with counsel under these circumstances. He did not. Accordingly, the relief requested by Retlzaff has no basis in fact or law.

I. **Retlzaff's argument relies on the false factual premise that Martinez attended his deposition as Retzlaff's legal counsel.**

    A. **Martinez's declarations at the start of the Retzlaff deposition made it clear to everyone: Retzlaff was acting there pro se; Martinez was not his legal counsel.**

At the start of Retzlaff's September 2008 deposition, attorney Louis Martinez made this recorded declaration:

> For the purposes of the record, I would like to state that while I was the attorney of record in the state court case filed in the County Court at Law No. 10 in Bexar County, Texas, Cause No. 336249, once this case was removed,

> due to the fact that I don't have a federal license, **I don't consider myself to be the attorney of record in this case.** Although I have not been formally removed from this case, I, for purposes of the record, wanted to clarify that. **Mr. Retzlaff will be proceeding pro se in this deposition. I'm here as another party present, but will not be representing him.**

(Emphasis added.) Item 23-23 (MSJ Ex. H) at p. 5. Defendants nevertheless permitted Martinez to attend the entire deposition.[2] (Defendants requested this clarification about Rodriguez's role and later also sought a December 2008 Order to require it, so as to avoid confusion and deter shenanigans. R. Item 17. Rodriguez eventually did move for a formal withdrawal from the case but it lacked Retzlaff's signature, causing the Court to deny the motion but permit its refiling. R. Item 22.)

**II. With one exception, all other statements and decisions by Retzlaff and Martinez during the deposition were consistent with the their expressions and everyone's understanding that Retzlaff was acting pro se and that Martinez was not present as Retzlaff's legal counsel.[3]**

Retzlaff never sought to delay or suspend his deposition to find an admitted attorney. And Rodriguez declined Defendants' offer to allow him to participate as Retzlaff's counsel in the case, including during the deposition, by moving retrospectively for admission to practice pro hac vice. The deposition transcript records this:

> By the way, if you want to retrospectively move to become a member of the Western District for the purpose of representing him, we are not going to stand

---

[2] After the interruption in the deposition occasioned by Retzlaff (see R. Item 23-23 - MSJ Ex. H - at p. 46), Defendant had to point out that "[t]here's been nothing brought to my attention that [Retzlaff] intended to have anybody other than the parties at this deposition or your counsel. He's neither one." Item 23-23 (MSJ Ex. H) at p. 51.

[3] The exception was Retzlaff's improper suspension of the deposition to talk to Martienz during the pendency of a question. *See* R. Item 23-23 (MSJ Ex. H) at p. 46. Defendants let it pass without seeking this Court's intervention; and Martinez remained at the deposition.

in your way. We would not oppose that. We would not oppose any retrospective application [of] pro hac vice. We would not oppose anything to bar your entry legitimately into this federal -- now-federal case. First, let me make that a hundred percent understood.

R. 23-23 (MSJ Ex. H) at pp. 52-3. Rodriguez declined; he and Retzlaff proceeded in the roles explained to everyone at the start of the deposition: Retzlaff was pro se; Martinez was merely attending it as a "party present." *See* supra at Part I.

Retzlaff himself acknowledged and expressed during the deposition that Martinez was not his legal counsel for the deposition. Rather, Retzlaff termed Rodriguez his "employee." R. Item 23-23 (MSJ Ex. H) at 53. The for the foregoing reasons, Retzlaff argument to suppress or strike his testimony lacks any basis in fact.

**III. Plaintiff in any case has no "right to counsel" in this lawsuit or related proceeding.**

Retzlaff's rich personal experience with criminal procedure and sanctions confuses his understanding of the "rights" available to him in this civil lawsuit. While there is a guaranteed right to counsel in criminal cases, *Gideon v. Wainwright*, 372 U.S. 335 1963), there is no right to any counsel in the civil lawsuit he has brought against Defendants. Retzlaff has no legal basis, either, for his request to strike his voluntary testimony in his lawsuit against Defendants.

## **CONCLUSION**

For the foregoing reasons, Defendants ask the Court to deny Plaintiff's request to suppress his deposition. Summary judgment for Defendants should be granted.

Respectfully submitted,

GREG ABBOT
Attorney General of Texas

C. ANDREW WEBER
First Assistant Attorney General

DAVID S. MORALES
Deputy Attorney General for Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division

_____/s/_____ Lars Hagen_____
LARS HAGEN
Texas Bar No. 24034470
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 (Telephone)
(512) 320-0667 (Facsimile)

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

With the understanding that Plaintiff is now acting pro se and lacks e-notification of this filing, I hereby certify that a true and correct copy of the foregoing document and companion exhibits has been served U.S. Certified Mail on March 3, 2009, to the following:

| | |
|---|---|
| LOUIS D MARTINEZ | TOM RETZLAFF |
| 1004 S ST MARY'S STREET | PO BOX 92 |
| SAN ANTONIO TEXAS 78205 | SAN ANTONIO, TEXAS 78291 0092 |
| 210-222-8785 (office) | 210-317-9800 (office) |
| 210-223-1263 (Fax) | 210-521-9146 FAX |
| SBOT# 24037038 | |

_____/s/_____ Lars Hagen_____
LARS HAGEN
Assistant Attorney General