# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS,
# SAN ANTONIO DIVISION

| | |
|---|---|
| TOM RETZLAFF, § | |
| Plaintiff, § | |
| § | |
| v. § | CAUSE NO. SA-08-CA-170-OG |
| § | |
| LYNDA YVONNE DE LA VIÑA, DIANE § | |
| BAKER WALZ, KYLE MERLETTE § | |
| SNYDER, KATHERINE ANNE POPE, § | |
| Defendants. § | |

## ORDER GRANTING SUMMARY JUDGMENT

Before the Court is defendants' motion for summary judgment. (Docket no. 23.) Plaintiff Tom Retzlaff has not responded. The standard to be applied in deciding a motion for summary judgment is set forth in FED. R. CIV. P. 56, which provides in pertinent part as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED. R. CIV. P. 56(c). A nonmovant's failure to respond to a motion for summary judgment does not entitle the movant to a default judgment. Eversley v. Mbank Dallas, 843 F.2d 172, 174 (5th Cir. 1988). Rather, the Court may accept the movant's evidence as undisputed, and may enter judgment in the movant's favor if the summary judgment evidence establishes a prima facie showing of the movant's entitlement to judgment. Id.

Defendants are all officials at the University of Texas at San Antonio. Retzlaff is a former MBA student at UTSA who was expelled. Retzlaff sued defendants in state court alleging a variety of causes of action. Defendants removed the suit to this Court. Having reviewed the motion, the uncontested evidence, and the pertinent authorities, the Court finds that the summary

judgment motion should be granted and Retzlaff's claims dismissed.

The summary judgment evidence establishes that a female foreign national from China enrolled at UTSA complained directly to school administrators and campus police that Retzlaff was harassing her. A university police captain determined that Retzlaff's behavior could amount to criminal conduct and directed Retzlaff not to contact the complainant. Retzlaff disobeyed this directive. Meanwhile, the school administration's awareness of the criminal complaint to campus police caused them to revisit Retzlaff's student file, including his application for admission. The Dean of the UTSA College of Business (Lynda de la Viña) and the its Associate Dean of Graduate Studies and Research (Diane Walz) uncovered startling public records about Retzlaff. Among other revelations, court opinions and other records showed that Retzlaff had served an eight-year prison sentence beginning in 1998 when, according to written statements he submitted in support of his MBA admission application, he claimed to have been serving in "Afghanistan and later . . . two tours of duty in Iraq." When Retzlaff obtained early-release from prison in 2004, he claimed in his MBA admission application that he "medically retired" in 2004 from military service "[a]fter my third combat-related injury." Retzlaff's conduct toward another student and the many material fabrications in his application for admission to the MBA program violated the student code. After a hearing process that Retzlaff requested and then sought to avoid, his wrongdoing ultimately caused a hearing officer to reach an ordinary, appropriate decision to permanently discharge him from UTSA.

Retzlaff first brings a defamation cause of action based on an email in which de la Viña relayed a report from the female Chinese student Retzlaff had been harassing that "Mr. Retzlaff carried a gun in his glove box which she had seen." De la Viña added that "I do not know if this

is accurate but thought I should report to you all." She distributed the email to eight people, all of whom were UTSA administrators or UTSA law enforcement personnel by that time familiar with Retzlaff. De la Viña articulated her purpose for her actions, stating that "[a]s a member of campus administration, I feel a responsibility to help ensure the safety of our students and employees while on campus [and that] in light of the responsibility I feel and felt to UTSA students and employees, I firmly believed it was necessary to make a few fellow administrators and our campus law enforcement aware of my findings."

Retzlaff claims de la Viña's email defamed him. Retzlaff has offered no evidence that de la Viña acted negligently in publishing the email. Therefore, there is no evidence of defamation. See WFAA-TV, Inc. v. McLemore, 978 S.W.2d 568, 571 (Tex. 1998) (to maintain a defamation cause of action, a plaintiff who is a private individual must prove, *inter alia*, that defendant acted with negligence regarding the truth of the statement). Moreover, because the email was sent by de la Viña only to other UTSA administrators and UTSA law enforcement personnel concerning a matter they shared a common interest in, the communication is protected by a qualified privilege recognized in Texas law. Wheeler v. Miller, 168 F.3d 241, 252-53 (5th Cir. 1999). Finally, state official immunity applies to de la Viña's e-mail because it was a discretionary duty within the scope of her authority and was performed in good faith. University of Houston v. Clark, 38 S.W.3d 578, 580 (Tex. 2000).

Kyle Snyder's alleged description of Retzlaff as a "dangerous person" will also not support a defamation claim since there is no evidence of any negligence on Snyder's part. Also, official immunity would shield Snyder from liability.

Retzlaff also alleges that defendants violated his privacy rights when they obtained or

3

attempted to obtain his confidential criminal history in violation of TEX. GOV'T CODE § 411.085. Defendants have shown that several court opinions outlining Retzlaff's rather extensive criminal history are freely available on the internet. Retzlaff has offered no evidence that would show a violation of § 411.085.

Retzlaff has presented no evidence that would raise a fact issue in support of his civil conspiracy claims.

Retzlaff also sued under 42 U.S.C. § 1983 alleging violations of his First, Fifth, and Fourteenth Amendment rights. He claims in his state-court petition that he became aware of spying activities of Chinese students and expressed his concerns to school officials. He also claims to have been involved in an FBI investigation of the spying activities of Chinese students. He contends that these activities led defendants to seek his expulsion to chill his First Amendment rights and to punish him for exercising those rights. He also claims defendants have used the UTSA police department to harass and retaliate against him for the exercise of his First Amendment rights. He claims that de la Viña initiated disciplinary proceedings against him in retaliation and worked to impede his ability to mount a defense against her accusations.

To establish his First Amendment retaliation claim, Retzlaff must show that his exercise of his constitutional rights was a substantial or motivating factor for defendant's actions. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977). To defeat a plaintiff's prima facie First Amendment retaliation claim, a defendant must show that it would have taken the same action regardless of the plaintiff's protected conduct. Dickinson Leisure Industries, Inc. v. City of Dickinson, 329 F.Supp.2d 835, 846-47 (S.D. Tex. 2004).

Defendants have presented evidence that Retzlaff lied on his application for admission to

the MBA program and disobeyed the UTSA police captain's order not to contact the Chinese student who had complained that he was harassing her; that such conduct constituted violations of the Student Code of Conduct; that after a hearing process a hearing officer determined that his conduct required that he be permanently discharged from UTSA; and Retzlaff failed to appeal the decision, thus ending the administrative process. For his part, Retzlaff has presented absolutely no evidence that this conduct was motivated by any exercise of his Constitutional rights.

Any equal protection claims Retzlaff has brought must also fail. His complaint did not allege discrimination based on his membership in a particular class. Retzlaff's complaint is reduced to a claim that he was individually singled out for unfair treatment— that he is a "class of one." Wheeler, 168 F.3d at 251-52. Assuming that he has even stated a cognizable equal protection claim, Retzlaff must prove that he was treated differently than similarly-situated individuals. Id. at 252. Retzlaff has pointed to no individual who lied on his admission application and disobeyed an order from a university official and was not similarly disciplined.

Retzlaff's final cause of action is one for "malice." He cites to TEX. CIV. PRAC. & REM CODE § 41.001(7), which defines "malice." Chapter 41 is the damages chapter of the Civil Practice and Remedies Code. Section 41.003 permits recovery of exemplary damages if the claimant can prove malice by clear and convincing evidence. The Court does not recognize a cause of action for "malice" and can only surmise that Retzlaff pleaded malice in an attempt to recover exemplary damages. However, as Retzlaff has not raised an issue of material fact in support of any of his causes of actions, he certainly would not be entitled to exemplary or punitive damages.

Finally, defendants assert qualified immunity as a defense to Retzlaff's federal

5

constitutional claims. Defendants have presented evidence that their actions were reasonable in light of clearly established law. <u>Kinney v. Weaver</u>, 367 F.3d 337, 346 (5th Cir. 2005). As defendants have asserted their entitlement to qualified immunity in a properly supported motion for summary judgment, the burden was on Retzlaff to come forward with summary judgment evidence sufficient to sustain a determination that defendants' actions violated clearly established federal law. <u>Salas v. Carpenter</u>, 980 F.2d 299, 304, 306 (5th Cir. 1992). He has failed to do so. The defendants are entitled to qualified immunity.

Defendants' motion for summary judgment is GRANTED, and all Retzlaff's claims are DISMISSED with prejudice. All pending motions are DENIED as moot. The Clerk is instructed to close this case.

SIGNED this 4 day of March, 2009.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE