UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO

| | |
|---|---|
| TOM RETZLAFF | § |
|     Plaintiff, | § |
| | § |
| v. | § |
| | § NO: 5:08-CV-00170-OG |
| LYNDA YVONNE DE LA VINA, | § |
| DIANE BAKER WALZ, KYLE | § |
| MERLETTE SNYDER, KATHERINE ANNE | § |
| POPE, | § |
|     Defendants. | § |

## DEFENDANTS' VERIFIED BILL OF COSTS

TO THE HONORABLE JUDGE ORLANDO L. GARCIA:

Defendants Lynda de la Viña, Diane Walz, Kyle Snyder, and Katherine Pope (the "Defendants") named in their personal capacities by Plaintiff Tom Retzlaff, submit this their brief in support of Defendants' Verified Bill of Costs in the above-styled and numbered cause. In support, Defendants would respectfully show this Honorable Court as follows:

### I. DEFENDANT PREVAILED; THE COURT HAS AWARDED COSTS

This case was filed by Plaintiff in state court, and move to this Court on March 3, 2008. On March 4, 2009, the Court granted Defendants' Motion for Summary Judgment, stating that: "Defendants' motion for summary judgment is GRANTED, and all Retzlaff's claims are DISMISSED with prejudice. All pending motions are DENIED as moot. The Clerk is instructed to close this case." Document 28. The Clerk entered Judgment on March 4, 2009, and this verified bill now timely results.

## II. COSTS INDISPENSABLE

Defendants would show that all requested costs were indispensable to the litigation of this cause. *International Woodworkers of America, et al. v. Champion International Corp.,* 790 F.2d 1174, 1190 (5th Cir. 1986).

As indicated in the attached Affidavit of Lars Hagen with verification, costs to litigate (defend) this case were necessarily incurred for the following: deposition of Plaintiff Tom Retzlaff with exhibits, and photocopies of Defendants' Motion for Summary Judgment and attachments to Plaintiff.

## III. RE. DEPOSITION

The trial court has discretion to tax the cost of a deposition if it finds that even part of the deposition was "necessarily obtained for use in the case." *Nissho-Iwai Co. v. Occidental Crude Sales, Inc.,* 729 F.2d 1530, 1553 (5th Cir. 1984)(citation omitted). Plaintiff's deposition was essential in clarifying Plaintiff's claims and factual contentions, as evidenced by Defendants' briefing, its exhibit attachments, and the Court's Order granting summary judgment.. Additionally, the Fifth Circuit has stated:

> It is a fair summary of our collective experience as practitioners that the utility (and necessity) for a deposition, is not alone measured by whether all or any part of it is formally offered in evidence as such. A deposition used effectively in cross-examination may have its telling effect without so much as a line of its being formally proffered.

*United States v. Kolesar*, 313 F.2d 835, 840 (5th Cir. 1963).

Defendants state a cost of **$ 1, 811.58** for the deposition taken of Plaintiff. See **Exhibit A**.

## IV.  PHOTOCOPIES

The Fifth Circuit has held that the cost of copying exhibits is allowable under 28 U.S.C.A. § 1920(4), and courts may tax costs for photocopies of papers necessarily obtained for "use in the case."  *Scroggins v. Air Cargo,* 534 F.2d 1124, 1133 (5th Cir. 1976).  Copying expenses, including trial exhibits, are taxable as well as photocopies furnished to the court and to opposing counsel. *Roche v. Normandy,* 566 F.Supp 37 (E.D. - Mo. 1983).

Defendant is requesting taxable costs in the amount of **$ 14.60** for photocopies of **146** pages of dispositive motion pleadings.  *Defendant's Motion and Brief for Summary Judgment* and the related, filed briefing in support of it (copy to the party in this case) were costs necessary to properly clarify the issues and ultimately prevail in this case.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that this Honorable Court approve the submitted verified bill with its itemization in the amount of **$1826.18** due and owing by Plaintiff Tom Retzlaff to Defendants through its attorney of record, the Attorney General of Texas.

    Respectfully submitted,

    GREG ABBOTT
    Attorney General of Texas

                C ANDREW WEBER
                First Assistant Attorney General

                DAVID S. MORALES
                Deputy Attorney General for Litigation

                ROBERT B. O'KEEFE
                Chief, General Litigation Division


                _____/s/_____ Lars Hagen_____
                LARS HAGEN
                Texas Bar No. 24034470
                Assistant Attorney General
                General Litigation Division
                P. O. Box 12548, Capitol Station
                Austin, Texas 78711-2548
                (512) 463-2120
                (512) 320-0667 fax

                ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of foregoing filing and its supporting exhibit has been sent Regular Mail, Return Receipt Requested on March 18, 2009, to:

| | |
|---|---|
| LOUIS D MARTINEZ | TOM RETZLAFF |
| 1004 S  ST  MARY'S STREET | PO BOX 92 |
| SAN ANTONIO TEXAS 78205 | SAN ANTONIO, TEXAS 78291 0092 |
| 210-222-8785 (office) | 210-317-9800 (office) |
| 210-223-1263 (Fax) | 210-521-9146 FAX |
| SBOT# 24037038 | |

                _____/s/_____ Lars Hagen_____
                LARS HAGEN
                Assistant Attorney General